# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RAY THOMPSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ALVAREZ, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00572-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF Nos. 63, 67, 68)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.　Procedural History**

Plaintiff Travis Ray Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the third amended complaint, filed July 13, 2009, against Defendants Alvarez and Redenius for use of excessive force in violation of the Eighth Amendment. (ECF No. 31.) Defendants filed a motion to dismiss on December 17, 2010. (ECF No. 63.) Plaintiff filed an opposition on January 14, 2011. (ECF No. 67.) Defendants filed a reply on January 27, 2011. (ECF No. 70.)

**II.　Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison conditions. Woodford v. Ngo, 548 U.S. 81, 85 (2006).

All available remedies must be exhausted, not just those remedies that meet federal standards, Woodford, 548 U.S. at 84, nor must they be "plain, speedy, and effective," Booth v. Churner, 532 U.S. 731, 739 (2001). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Id at 741; see Woodford, 548 U.S. at 93.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs., tit. 15 § 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which defendants have the burden of raising and proving the absence of exhaustion. Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). "In deciding a motion to dismiss for failure to exhaust, a court may look beyond the pleadings and decide disputed issues of fact." Sapp v. Kimbrell, 623 F.3d. 813, 821 (9th Cir. 2010) (quoting Wyatt, 315 F.3d at 1119-20). If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira, 427 F.3d at 1171.

**III.   Discussion**

On June 13, 2006, Plaintiff withheld his breakfast tray in order to seek the attention of prison supervisors so he could gain access to his legal work. Defendants Alvarez and Redenius allegedly responded by kicking Plaintiff's door. Defendants then accused Plaintiff of kicking the door so they

1  could pepper spray him.  Plaintiff alleges that he was pepper sprayed by Defendants Alvarez and
2  Redenious.  After being pepper sprayed Defendants failed to decontaminate Plaintiff and left him
3  to suffer the effects of the pepper spray.
4      Defendants move to dismiss the complaint because Plaintiff failed to exhaust his
5  administrative remedies.  A review of the inmate appeals filed by Plaintiff between June 1, 2006 and
6  August 31, 2006, reveals that he did not file a grievance on the incidents alleged in the complaint.
7  (Sampson Declararion in Support of Motion to Dismiss 2:-3, ECF No. 63-2.)
8      Plaintiff claims that Defendants screened out his inmate appeal claiming that the related
9  administrative rules violation report had not been adjudicated and would not permit his appeal to be
10 processed.   Plaintiff then sent the grievance to the Office of the Inspector General and Internal
11 Affairs.  (Opposition 3, ECF No. 67.)  Plaintiff includes correspondence dated July 28, 2006, from
12 the Deputy Inspector General informing him that he must first demonstrate his attempts to resolve
13 the issues by completing the formal administrative process at the prison; a letter from the Chief
14 Deputy Warden dated September 13, 2006, addressing the letter Plaintiff sent to the Office of
15 Internal Affairs; and an inmate appeal form dated August 13, 2006, regarding an issue unrelated to
16 the claims against Defendants in this action. (Id., pp. 8, 10, 14-16.)
17     Defendants respond that Plaintiff has submitted no evidence to support his contentions that
18 he submitted an inmate appeal.  (Reply 2, ECF No. 68.)
19     The requirement that prisoners pursue administrative remedies allows prison officials to
20 correct their mistakes and allows for grievances to be resolved more quickly and economically than
21 litigating in court.  Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010.)  The Ninth Circuit has
22 recognized an exception to the exhaustion requirement where prison officials render administrative
23 remedies effectively unavailable by improperly screening a prisoner complaint.  To fall within this
24 exception the inmate must establish that he actually filed a grievance that would have sufficed to
25 exhaust his claims had he pursued it through the administrative remedy process and that prison
26 officials screened his compliant for reasons inconsistent with or unsupported by the regulations. Id.
27 at 823-24.
28     Plaintiff's has not set forth evidence to support his claim that he was obstructed in filing an

administrative appeal regarding the incident alleged.. Plaintiff claims to have submitted an inmate appeal that was screened out, however he presents no evidence supporting his claim. The inmate appeal which was submitted with Plaintiff's opposition would not suffice to exhaust the claims he in proceeding on in this action. <u>Sapp v. Kimbrell</u>, 623 F.3d at 823-24. Plaintiff includes the letter from the Deputy Inspector General informing him that he needs to exhaust his administrative remedies, but does not include the grievance form he alleges he included with his letter. The inmate appeal which Plaintiff includes in his motion does not relate to the incident alleged here. Defendants have submitted documentation evidencing that no inmate appeal was submitted on this incident.

Plaintiff exhibits demonstrating that he received a response from the Office of Internal Affairs and the Deputy Inspector General do not show that he attempted to exhaust his administrative remedies. None of the letters submitted with Plaintiff's objection refer to an inmate appeal included with the correspondence. Plaintiff's response from the Chief Deputy Warden states that it is in response to the letter Plaintiff wrote to the Officer of Internal Affairs. Plaintiff has failed to submit any evidence that an appeal was submitted. The Court finds that Defendants have submitted sufficient evidence to show that Plaintiff failed to exhaust administrative remedies.

**IV.     Conclusion and Recommendation**

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims prior to filing suit.

This finding and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this finding and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objection to Magistrate Judge's Finding and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:  May 3, 2011**                              **/s/ Sandra M. Snyder**
                                                     UNITED STATES MAGISTRATE JUDGE

4