1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9 TRAVIS RAY THOMPSON, | CASE NO. 1:07-cv-00572-AWI-BAM PC |
| 10    Plaintiff, | ORDER DISMISSING THIRD AMENDED COMPLAINT, WITH LEAVE TO AMEND (ECF |
| 11 v. | No. 31) |
| 12 KERNAN, et al., | ORDER STRIKING FOURTH AMENDED COMPLAINT (ECF No. 76) |
| 13    Defendants. | ORDER DENYING PLAINTIFF'S MOTION |
| 14 | FOR TRANSCRIPTS AT GOVERNMENT EXPENSE; MOTION FOR APPOINTMENT |
| 15 | OF INVESTIGATOR; MOTION FOR CLASS CERTIFICATION; AND MOTION TO |
| 16 | COMPEL  (ECF Nos. 50, 72, 74, 78, |
| 17 | THIRTY-DAY DEADLINE |
| 18 _____ / | |

19 **I.      Background**

20      Plaintiff Travis Ray Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma

21 pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On July 12, 2012, the Ninth Circuit

22 remanded this action for the court to consider the claims in the third amended complaint which

23 occurred after Plaintiff had filed his initial complaint. (ECF No. 101.)  Subsequent to the screening

24 order in this action being issued, the Ninth Circuit decided Rhodes v. Robinson, 621 F.3d 1002 (9th

25 Cir. 2010), and Plaintiff is not precluded from proceeding on supplemental claims that accrued and

26 were exhausted after he filed his initial complaint.

27 **II.      Screening Requirement**

28      The Court is required to screen complaints brought by prisoners seeking relief against a

1

1    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

2    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

3    "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

4    monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

5         A complaint must contain "a short and plain statement of the claim showing that the pleader

6    is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

7    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

8    do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell

9    Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

10        Further, Plaintiff may not bring unrelated claims against unrelated parties in a single action.

11    Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v.

12    Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants

13    so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and

14    occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); Coughlin

15    v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North

16    America, 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under

17    Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule

18    18(a), which permits the joinder of multiple claims against the same party.

19    **III.**      **Third Amended Complaint**

20        Plaintiff's third amended complaint is thirty seven pages of dense handwritten text,

21    attempting to bring suit against approximately seventy three defendants for unrelated incidents and

22    does not comply with Federal Rules of Civil Procedure 8, 18, and 20. The function of the complaint

23    is not to list every single fact relating to Plaintiff's incarceration or claim.   Because Plaintiff's

24    complaint is not in compliance with Rule 8(a), the Court declines to expend its already taxed

25    resources with attempting to sort out his claims.  Plaintiff must submit a complaint to the Court that

26    meets the requirements of Rule 8.  It is Plaintiff's job, not the Court's, to state a claim for each

27    defendant.  Therefore, Plaintiff's third amended complaint shall be dismissed, with leave to amend.

28        In his fourth amended complaint, Plaintiff shall choose which claims he wishes to pursue in

1    this action.  If Plaintiff does not do so and his fourth amended complaint sets forth unrelated claims

2    which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

3          The Court advises Plaintiff of the following requirements under the Federal Rules of Civil

4    Procedure regarding the general formatting of his complaint.  Plaintiff's complaint must contain "a

5    short and plain statement of the claim showing that [Plaintiff] is entitled to relief."  Federal Rule of

6    Civil Procedure 8(a)(2).  "Each allegation must be simple, concise, and direct."  Federal Rule of

7    Civil Procedure 8(d)(1).  A party must state its claims or defenses in numbered paragraphs, each

8    limited as far as practicable to a single set of circumstances."  Federal Rule of Civil Procedure 10(b).

9    "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate

10   count."  Federal Rule of Civil Procedure 10(b).

11         Additionally, Plaintiff is required to submit filings that are "clearly legible."  Local Rule

12   130(b).  In submitting a fourth amended complaint in compliance with this order, Plaintiff is advised

13   that he must find a way to submit a complaint that is improved with respect to legibility, and must

14   be double spaced and use letters no smaller than used in the instant order, Times New Roman 12.

15   Since Plaintiff must comply with Rules 18 and 20, twenty-five pages is more than sufficient for

16   Plaintiff to identify his claims and set forth specific facts in support of those claims.  Accordingly,

17   if Plaintiff chooses to amend the complaint, the fourth amended complaint may not exceed twenty-

18   five pages in length, and it will be stricken from the record if it violates this page limitation.

19         Plaintiff is advised that the failure to comply with the Local Rules, the Federal Rules of Civil

20   Procedure, and the Court's orders will result in Plaintiff's fourth amended complaint being stricken

21   from the record.  Plaintiff is further warned that failure to take meaningful steps to obey the Court's

22   orders may result in this action being dismissed for failure to obey a court order.  See Local Rule

23   110.

24   **IV.     Lodged Fourth Amended Complaint**

25         On April 25, 2011, a fourth amended complaint was lodged.  (ECF No. 76.)  Under Rule

26   15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a

27   matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend

28   only by leave of the court or by written consent of the adverse party, and leave shall be freely given

1   when justice so requires.  Fed. R. Civ. P. 15(a).  In this instance, Plaintiff has already filed an

2   amended complaint so he may amend only with leave of the court or by written consent of the

3   adverse party.

4        Plaintiff failed to file a motion for leave to amend his complaint, and a review of the fourth

5   amended complaint reveals that it is not in compliance with Federal Rules of Civil Procedure 8, 18,

6   and 20.  Accordingly, the lodged fourth amended complaint shall be stricken from the record.

7   **V.**    **Miscellaneous Motions**

8        At the time that this action was dismissed, there were several miscellaneous motions which

9   had not been addressed by the court.

10      **A.**    **Motion for Transcripts**

11       On October 12, 2010, Plaintiff filed a motion seeking transcripts at the government's expense

12  for an interlocutory appeal filed September 3, 2010.  (ECF No. 50.)  The Court of Appeals requests

13  the record from this court as needed and the transcripts are transmitted electronically when requested

14  by the appellate court.  Additionally, since Plaintiff's appeal has been decided this request is moot.

15  Accordingly, Plaintiff's request for transcripts at government expense shall be denied.

16      **B.**    **Motion for Appointment of an Investigator**

17       On February 22, 2011, Plaintiff filed a motion for the appointment of an investigator.  (ECF

18  No. 72.)  The expenditure of public funds on behalf of an indigent litigant is proper only when

19  authorized by Congress.  See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted).  The

20  in forma pauperis statute does not authorize the expenditure of public funds for the purpose sought

21  by Plaintiff in the instant request.

22       To the extent that Plaintiff relies on 28 U.S.C. § 1915, which provides for the appointment

23  of counsel, he does not have a constitutional right to appointed counsel in this action, Rand v.

24  Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent

25  Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern

26  District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989).  However, in certain exceptional

27  circumstances the Court may request the voluntary assistance of counsel pursuant to section

28  1915(e)(1).  Rand, 113 F.3d at 1525.

1   Without a reasonable method of securing and compensating counsel, the Court will seek

2   volunteer counsel only in the most serious and exceptional cases.  In determining whether

3   "exceptional circumstances exist, the district court  must evaluate both the likelihood of success of

4   the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity

5   of the legal issues involved."  Id. (internal quotation marks and citations omitted).

6   In the present case, the Court does not find the required exceptional circumstances.  Even if

7   it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations

8   which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with

9   similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a

10   determination that Plaintiff is likely to succeed on the merits, and based on a review of the record

11   in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.

12   Plaintiff's motion for the appointment of an investigator is denied.

13   **C.   Motion for Class Certification**

14   Plaintiff filed a motion for class certification on April 5, 2011.  (ECF No. 74.)  Plaintiff, who

15   is a non-lawyer, may not represent anyone but himself in court.  Johns v. County of San Diego, 114

16   F.3d 874, 877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.

17   1987).  Additionally, since the claims upon which this action was proceeding when Plaintiff brought

18   his motion for class certification have been dismissed from this action, Plaintiff's motion shall be

19   denied.

20   **D.   Motion to Compel**

21   On May 16, 2011, Plaintiff filed a motion to compel production of discovery by Defendant

22   Redenius.  (ECF No. 78.)  The Ninth Circuit Court of Appeals affirmed the dismissal of Plaintiff's

23   claims against  Defendant Redenius for failure to exhaust administrative remedies.  Since Plaintiff

24   no longer has a claim proceeding against Defendant Redenius in this action,  the motion to compel

25   shall be denied as moot.

26   **IV.   Conclusion and Order**

27   Plaintiff's third amended complaint is dismissed for failure to comply with the Federal Rules

28   of Civil Procedure.  Plaintiff is granted leave to file a fourth amended complaint within thirty days.

5

1   Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this

2   suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607

3   (7th Cir. 2007) (no "buckshot" complaints).

4        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

5   named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

6   Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the

7   duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

8   caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although

9   accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

10   speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

11        Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

12   114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

13   be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All

14   causes of action alleged in an original complaint which are not alleged in an amended complaint are

15   waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

16   Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

17        Based on the foregoing, it is HEREBY ORDERED that:

18        1.     Plaintiff's third amended complaint, filed July 13, 2009, is DISMISSED, with leave

19             to amend;

20        2.     Plaintiff's fourth amended complaint, filed April 25, 2011, is STRICKEN FROM

21             THE RECORD;

22        3.     Plaintiff's request for transcripts at government expense, filed October 12, 2010, is

23             DENIED;

24        4.     Plaintiff's motion for appointment of an investigator, filed February 22, 2011, is

25             DENIED;

26        5.     Plaintiff's motion for class certification, filed April 5, 2011, is DENIED;

27        6.     Plaintiff's motion to compel, filed May 16, 2011, is DENIED;

28        7.     Within thirty days from the date of service of this order, Plaintiff shall file a fourth

1    amended complaint setting forth his supplemental claims in compliance with this

2    order;

3    8.    Plaintiff's fourth amended complaint may not exceed twenty five pages, be double

4    spaced, and the font must be no smaller than Times New Roman 12; and

5    9.    Failure to file a fourth amended complaint in compliance with this order shall result

6    in this action be dismissed for failure to obey a court order.

7    IT IS SO ORDERED.

8    Dated:    **July 16, 2012**                    /s/ **Barbara A. McAuliffe**
                                   UNITED STATES MAGISTRATE JUDGE