# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RAY THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERNAN, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:07-cv-00572-AWI-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>(ECF Nos. 69, 70, 71)<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

Plaintiff Travis Ray Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 24, 2011, Plaintiff filed a motion for a preliminary injunction. (ECF No. 69.) Defendants filed an opposition on January 27, 2011, and Plaintiff filed a reply on February 7, 2011. (ECF Nos. 70, 71.) This action was then dismissed for Plaintiff's failure to exhaust administrative remedies on June 8, 2011. (ECF No. 85.) Plaintiff appealed the dismissal for failure to exhaust administrative remedies. (ECF No. 89.) On July 12, 2012, the Ninth Circuit Court of Appeals affirmed the dismissal for failure to exhaust administrative remedies, but remanded this action for the Court to consider Plaintiff's claims which had been dismissed arising after Plaintiff filed his initial complaint. (ECF No. 101.) Concurrent with this findings and recommendation, Plaintiff's third amended complaint is being dismissed, with leave to amend.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is

likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) quoting Winter, 129 S. Ct. at 374. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter, 129 S. Ct. at 376 (citation omitted) (emphasis added).

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

At this stage in the action, the Court cannot make a finding that Plaintiff is likely to prevail on the merits in this action because he does not have a cognizable claim pending before the court. Even if Plaintiff is able to state a cognizable claim, the claims that have been revived by the Ninth Circuit Court of Appeals allege retaliation and a conspiracy to deny access to the court in violation of the First Amendment. (Motion for Preliminary Injunction 3-4, ECF No. 69.) Plaintiff's claim in this action arises from a past incidents that occurred while Plaintiff was housed at the California Correctional Institution, Tehachapi. The pendency of this action does not confer on the Court jurisdiction to issue an order directing that Plaintiff be transferred to a federal institution, because such an order would not remedy the underlying legal claim, which involves the past conduct of

1  prison officials' at the California Correctional Institution, Tehachapi.  18 U.S.C. § 3626(a)(1)(A);
2  Summers, 129 S.Ct. 1142 at 1149; Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118
3  S.Ct. 1003 (1998); City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983);
4  Mayfield, 599 F.3d at 969.  Finally, the Court does not have jurisdiction to grant the relief requested.
5  Plaintiff's claims in this action arise out of his incarceration at California Correctional Institution,
6  Tehachapi, and the Court does not have jurisdiction to order the California Department of
7  Corrections and Rehabilitation to transfer Plaintiff or the federal prison system to house Plaintiff.

   Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be DENIED.

   These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fifteen (15) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


   IT IS SO ORDERED.

   Dated:   **July 16, 2012**           /s/ **Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE