1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   TRAVIS RAY THOMPSON,                       CASE NO. 1:07-cv-00572-AWI-BAM PC

10                        Plaintiff,            ORDER ADOPTING FINDINGS AND
                                                RECOMMENDATIONS AND DENYING
11        v.                                    PLAINTIFF'S MOTION FOR A PRELIMINARY
                                                INJUNCTION
12   KERNAN, et al.,
                                                (ECF Nos. 69, 70, 71, 105, 106, 107, 108)
13                        Defendants.
     _____/
14

15        Plaintiff Travis Ray Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma

16   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United

17   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

18        On July 16, 2012, the Magistrate Judge filed a Findings and Recommendations that

19   recommended Plaintiff's motion for a preliminary injunction be denied.    The Findings and

20   Recommendations was served on the parties and which contained notice to the parties that any

21   objections to the Findings and Recommendations were to be filed within thirty days.  On August 3,

22   2012, Plaintiff filed an Objection, and on August 6, 2012, Plaintiff filed a Notice of Lodgment of

23   Authorities/Exhibits in Support of Plaintiff's Objection.  Defendants filed a Reply on August 7,

24   2012.

25        Plaintiff argues that transferring him to federal custody is the only alternative to stop the

26   retaliation of prison officials.  Relying on Blango v. Thornburg, 942 F.2d 1487, 1488 n.3 (10th Cir.

27   1991), Walker v. Lockhart, 713 F.2d 1378 (8th Cir. 1983), and Fischer v. Goord, 981 F.Supp. 140,

28   177 (W.D.N.Y. 1997); Plaintiff argues that 18 U.S.C. § 5003(a) provides the statutory authority for

1

the federal court to order the Federal Bureau of Prisons ("FBP") to accept Plaintiff as a transfer from the California Department of Corrections and Rehabilitation.

In Blango, the plaintiff was sentenced by the District of Columbia Superior Court, and pursuant to a memorandum of understanding between the director of the FBP and the director of the District of Columbia Department of Prisons, was transferred into the custody of the United States Penitentiary, Levenworth, Kansas to serve his sentence. Blango, 942 F.2d at 1488, 1489. The inmate brought a habeas petition challenging the transfer to federal custody as violating the compact clause of the Constitution. Id. at 1488. The court held that the Compact Clause does not prohibit agreements between the federal government and the states. Id. at 1491. "Section 5003 is limited to the grant of permission for the federal government and the states to enter into federal-state agreements for the efficient housing of offenders after their conviction under the jurisdiction of state criminal law. Id. at 1491-92. Plaintiff's reliance on Blango is misplaced as it stands for the proposition that the FBP has the authority under Section 5003 to accept state prisoners pursuant to an agreement with state officials. Nothing in Blango supports the position that the FBP is *required* to accept a state prisoner upon a state prisoner's request.

In Walker, the plaintiff had been convicted of murdering a state police officer and alleged that the warden had made threats against his life. Walker, 713 F.2d at 1379-80. The appellate court found that, due to his notoriety and his claim that the warden had threatened him, the plaintiff was at an increased risk of physical harm in the Arkansas prison system if he was allowed to mix with inmates in the general population. Walker, at 1383. The plaintiff was virtually confined to solitary confinement and could not be kept in solitary confinement forever. Therefore the court found he should be transferred to another prison system. Id. Due to the extraordinary conditions that existed, the court ordered the defendant to arrange for the plaintiff to be transferred to a federal or another state's correctional institution. Id. The FBP was not ordered to accept the inmate, and therefore, "Walker does not stand for the proposition that a federal court may order FBP to accept a state inmate into its custody." Fisher, 981 F.Supp. at 177.

Finally in Fisher, the plaintiff alleged that she had been raped and sexually assaulted by correctional officers and requested that she be transferred to the custody of the FBP. Fisher, 981

F.Supp. at 143. The court found that even if the plaintiff was able to show that she was entitled to a preliminary injunction, the relief she requested was inappropriate because the court lacked the authority to order the placement of a state prisoner into the custody of the FBP. Fisher, at 176. "Such an order would be tantamount to a transfer of custody and beyond the jurisdiction of the federal court." Id. (citing United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980)).

Section 5003(a) allows for the Director of the Federal Bureau of Prisons to contract with state officials for the "custody, care, subsistence, education, treatment, and training of persons convicted of criminal offenses in the courts of such State or territory." 18 U.S.C. § 5003(a)(1). The plain language of section 5003(a)(1) authorizes the Attorney General of the United States to contract with a state for the "custody, care, subsistence, education, treatment, and training" of state inmates. Howe v. Smith, 452 U.S. 743, 480, 101 S. Ct. 2468, 2474 (1981). The statute was enacted to respond to state requests that the federal prison system undertake the custody, treatment, and training of inmates where the state lacked the institutional capacity to do so. Howe, 452 U.S. at 485, 101 S. Ct. at 2746. Contrary to Plaintiff's contention, Section 5003(a) does not provide authority for the district court to order a state inmate transferred to FBP custody.

A preliminary injunction may only be issued for the limited purpose of maintaining the status quo. Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009); Zepeda v. I.N.S., 753 F.2d 719, n.1 (9th Cir. 1984). A federal court may only issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim. Zepeda, 753 F.2d at 727. An injunction only binds "the parties to the action, their officers agents, servants, employees, and those persons in active concert or participation with them." Id.; Fed. R. Civ. P. 65(d)(2). Therefore, a court must tailor an "injunction to affect only those persons over which it has power." Zepeda, 753 F.2d at 727. Plaintiff's complaint in this action does not confer this Court with jurisdiction over the FBP.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.      The Findings and Recommendations, filed July 16, 2012, is adopted in full; and

2.      Plaintiff's Motion for a Preliminary Injunction, filed January 24, 2011, is DENIED.

IT IS SO ORDERED.

Dated:    August 19, 2012

                                        CHIEF UNITED STATES DISTRICT JUDGE