# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RAY THOMPSON,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>KERNAN, et al.,<br><br>　　　　　　　　Defendants.<br>_____ / | CASE NO. 1:07-cv-00572-AWI-BAM PC<br><br>ORDER LIFTING STAY OF ACTION<br>(ECF No. 115)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RELAX STRICT REQUIREMENT OF RULE 8(a) IN MAKING CONSPIRACY PLEADING<br>(ECF No. 110)<br><br>ORDER STRIKING PLAINTIFF'S LODGED FOURTH AMENDED COMPLAINT<br>(ECF No. 132)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR DEADLINE TO FILE HIS FOURTH AMENDED COMPLAINT<br>(ECF No. 131)<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff Travis Ray Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　Stay of Action**

　　　　On July 12, 2012, the Ninth Circuit issued an order affirming in part and reversing in part and remanding this action. On July 16, 2012, Plaintiff's third amended complaint was dismissed with leave to file an amended complaint within thirty days. On August 8, 2012, the Ninth Circuit granted Plaintiff's extension of time to file a petition for hearing en banc. On August 23, 2012, the Court stayed the instant action pending resolution of Plaintiff's petition for en banc review by the Ninth

Circuit. The Court informed Plaintiff that once the mandate from the Ninth Circuit issued, he would be given a deadline for filing his fourth amended complaint. (ECF No. 115.)

On November 21, 2012, the Ninth Circuit issued its formal mandate. (ECF No. 125.) Thereafter, on January 7, 2013, Plaintiff filed a motion noting that the Ninth Circuit had issued its mandate and requesting that the Court issue a deadline to file his fourth amended complaint. (ECF No. 131.) As the Ninth Circuit has issued its formal mandate, the stay of this action is HEREBY LIFTED.

**II.     Plaintiff's Motion to Relax Strict Requirement of Rule 8(a) in Making Conspiracy Pleading**

As noted above, on July 16, 2012, the Court dismissed Plaintiff's third amended complaint with leave to file an amended complaint. (ECF No. 104.) In so doing, the Court informed Plaintiff that his amended complaint must comply with Federal Rule of Civil Procedure 8 and must contain a short and plain statement of the claim showing that the [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). On August 10, 2012, Plaintiff filed the instant motion to relax the strict requirement of Rule 8(a) in making a conspiracy pleading against the prison guards' labor union, the California Department of Corrections and Rehabilitation ("CDCR") and over 80 prison officials/guards.[1] (ECF No. 110.)

Rule 8(a) provides the general standard for reviewing the legal sufficiency of a plaintiff's claims. Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001). Under the Rule 8(a) standard, plaintiff must give defendants fair notice of the claim and allege enough facts to raise a right to relief above the speculative level. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n. 3, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] Plaintiff filed a similar motion on November 11, 2012, which the Court denied while the action remained stayed. (ECF Nos. 122, 123.)

defendant is liable for the misconduct alleged. Id.

Plaintiff contends that the Court should apply the less restrictive requirement of Rule 9(b), which requires particularity when pleading "fraud or mistake," while allowing "[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally." Fed. R. Civ. P. 9(b). However, the Ninth Circuit has confirmed that "generally" is a relative term. Iqbal, 556 U.S. at 686. "In the context of Rule 9, it is to be compared to the particularity requirement applicable to fraud or mistake. Rule 9 merely excuses a party from pleading [malice, intent or knowledge] under an elevated pleading standard. It does not give him license to evade the *less rigid*–though still operative–strictures of Rule 8." Id. at 686-87 (emphasis added).

Accordingly, Plaintiff's motion to relax the requirement of Rule 8(a) in making a conspiracy pleading is DENIED.

**III.   Lodged Fourth Amended Complaint**

On February 7, 2013, Plaintiff lodged a thirty-two page fourth amended complaint. (ECF No. 132.) The amended complaint suffers from many of the same deficiencies of his third amended complaint and violates the Court's directives regarding page limits and compliance with Rules 8, 18 and 20. (ECF No. 104.) Plaintiff was previously informed that his complaint would be stricken if it exceeded the page limitations. Moreover, Plaintiff lodged the complaint before the Court issued a ruling on his motion to relax the Rule 8(a) pleading requirements and before the Court lifted the stay. For these reasons, Plaintiff's lodged fourth amended complaint is HEREBY STRICKEN from the record. As discussed below, Plaintiff will be given an opportunity to file a fourth amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure, the Local Rules and this Court's orders.

**IV.   Plaintiff's Motion for Deadline to File His Fourth Amended Complaint**

As noted above, on January 7, 2013, Plaintiff filed a motion requesting that this Court issue a deadline for Plaintiff to file his fourth amended complaint. (ECF No. 131.) Plaintiff's motion for a deadline to file an amended complaint is GRANTED. Plaintiff shall file a fourth amended complaint within thirty days after service of this order.

In filing his amended complaint, Plaintiff is reminded of the Court's previous order that the

fourth amended complaint must comply with Federal Rules of Civil Procedure 8, 18 and 20 and must not exceed twenty-five pages. Plaintiff also is reminded that the failure to comply with the Local Rules, the Federal Rules of Civil Procedure and the Court's orders will result in Plaintiff's fourth amended complaint being stricken from the record.

## V.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The stay of this action is lifted;
2. Plaintiff's motion to relax strict requirement of Rule 8(a) in making conspiracy pleading is denied;
3. Plaintiff's fourth amended complaint, which was lodged on February 2, 2013, is stricken from the record; and
4. Plaintiff shall file a fourth amended complaint within **thirty (30) days** after service of this order.

IT IS SO ORDERED.

Dated:   **February 27, 2013**                    /s/ **Barbara A. McAuliffe**
                                                                  UNITED STATES MAGISTRATE JUDGE