# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RAY THOMPSON,<br><br>    Plaintiff,<br><br>  v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | 1:07-cv-00572-AWI- BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER ADOPTING FINDINGS AND RECOMMENDATION AND DENYING MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 118) |

    Plaintiff Travis Ray Thompson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. On January 24, 2011, Plaintiff filed a motion for preliminary injunction removing him from state to federal custody. (ECF No. 69.) On July 16, 2012, the Magistrate Judge issued findings and recommendations that Plaintiff's motion for preliminary injunction be denied. On August 20, 2012, the Court adopted the findings and recommendations in full. (ECF No. 112.)

    On September 7, 2012, Plaintiff filed a timely motion for reconsideration under Federal Rules of Civil Procedure 59 or 60. (ECF No. 88.) "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v.

Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff does not argue that newly discovered evidence or an intervening change of the law requires reinstatement of this action. Instead, Plaintiff argues that the Court erred in its consideration of his objections to the Magistrate Judge's findings and recommendations. In sum, Plaintiff asserts that the Court failed to properly consider his reliance on Blango v. Thornburg, 924 F.2d 1427, 1488 n.3 (10th Cir. 1991), Walker v. Lockhart, 713 F.2d 1378 (8th Cir. 1983), and Fisher v. Goord, 981 F.Supp. 140, 177 (W.D.N.Y. 1997). In citing these cases, Plaintiff essentially presents the same argument already considered by the Court; that is, whether a district court has the authority to order a state inmate transferred to the custody of the Federal Bureau of Prisons ("FBP"). The Court has concluded that it is not authorized to order Plaintiff's placement into the custody of the FBP, and his complaint does not confer this Court with jurisdiction over the FBP.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed September 7, 2012, is DENIED.

IT IS SO ORDERED.

Dated:   May 15, 2013

_____
SENIOR DISTRICT JUDGE