# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RAY THOMPSON,<br><br>             Plaintiff,<br><br>     v.<br><br>SCOTT KERNAN, et al.,<br><br>             Defendants. | 1:07-cv-00572-AWI-BAM (PC)<br><br>ORDER DISMISSING FOURTH AMENDED COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 135)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Travis Ray Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 6, 2009, the Court screened Plaintiff's amended complaint and found that it stated a cognizable claim for violation of the Eighth Amendment against Defendants Alvarez and Redenius. The Court dismissed all other claims without leave to amend. (ECF Nos. 33, 34.) On December 17, 2010, Defendants Alvarez and Redenius filed a motion to dismiss based on Plaintiff's failure to exhaust administrative remedies. (ECF No. 63.) The Court granted the motion to dismiss on June 8, 2011, and subsequently denied Plaintiff's motion for reconsideration. (ECF Nos. 85, 94.) Plaintiff appealed the dismissal to the Ninth Circuit Court of Appeals. (ECF No. 89.)

On July 12, 2012, the Ninth Circuit found that the district court properly dismissed Plaintiff's excessive force claims against Defendants Alvarez and Redenius because Plaintiff failed to exhaust his administrative remedies with respect to these claims. The Ninth Circuit also affirmed the dismissal of the remaining claims alleged in Plaintiff's third amended complaint

except for the claims arising <u>after</u> Plaintiff filed his initial complaint on April 13, 2007.  The Ninth Circuit remanded the action to this Court.  (ECF No. 101.)

Following remand, on July 16, 2012, the Court screened Plaintiff's third amended complaint pursuant to 28 U.S.C. § 1915A.  The Court found that Plaintiff's amended complaint did not comply with Federal Rules of Civil Procedure 8, 18 and 20, as it was composed of thirty-seven pages of dense, handwritten text and attempted to bring suit against approximately seventy-three defendants for unrelated incidents.  Despite the deficiencies, Plaintiff was granted leave to file a fourth amended complaint.  Plaintiff was expressly instructed that he was to choose which claims he wished to pursue in this action and, if he failed to do so, the Court would dismiss the improperly joined claims.  (ECF No. 104.)

On March 29, 2013, Plaintiff filed his fourth amended complaint.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard

is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Fourth Amended Complaint

Plaintiff's fourth amended complaint, filed on March 29, 2013, names more than 110 individual defendants, including correctional officers, psychologists, doctors and nurses, working at three separate correctional institutions within the California Department of Corrections and Rehabilitation system. Plaintiff attempts to link all of the Defendants' actions, which occurred over a period of 9 years (2003-2012) at different prisons, by claiming a conspiracy between members of the California Correctional Peace Officers Association to retaliate against Plaintiff for pursuing a claim against the association.

## III. Deficiencies of Complaint

### A. Conspiracy Claim

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir.2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir.2001). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir 1989)).

Here, Plaintiff attempts to claim that more than 100 individual defendants conspired to violate his civil rights. However, Plaintiff fails to allege any plausible factual support for his claim of conspiracy. Although Plaintiff endeavors to connect the defendants based on a

1 memorandum placed in his central file by Defendant Soto in 2005, this alone is not sufficient to
2 establish "an agreement" or "meeting of the minds." This is particularly true given that not all of
3 the defendants are located at the same facility and not all of the defendants are correctional
4 officers. Further, Plaintiff's allegations "on information and belief" or that certain events were
5 "likely" are not sufficient. The Court therefore finds that Plaintiff has failed to state a claim for
6 conspiracy. See Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)
7 (vague and conclusory allegations of official participation in civil rights violations are not
8 sufficient to withstand dismissal).

### B. Unrelated Claims and Improper Joinder

Plaintiff may not pursue unrelated claims against different defendants in a single lawsuit. Rather, unrelated claims against different defendants must be pursued in *multiple* lawsuits. The controlling principle appears in Federal Rule of Civil Procedure 18, which provides that "[a] party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir.2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

Plaintiff alleges various incidents involving more than 100 defendants over a span of nine years at three separate prison facilities. Plaintiff's complaint contains multiple unrelated claims and does not set forth sufficient allegations to meet the joinder test as to the 100-plus defendants.

The Court previously instructed Plaintiff that he must choose which claims he wishes to pursue and warned Plaintiff that if he sets forth unrelated claims that violate joinder rules, then the Court will dismiss the claims that it finds to be improperly joined. As Plaintiff's complaint

does not comply with the Federal Rules of Civil Procedure, the Court declines to expend its already taxed resources in attempting to sort out Plaintiff's claims.

Plaintiff will be given a final opportunity to set forth discrete claims that meet the above standard for joinder of defendants. Plaintiff may not join all defendants by simply claiming that they are all part of an overriding conspiracy throughout the California Department of Corrections and Rehabilitation.

   C.   Rule 8

Rule 8 requires "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Federal Rule of Civil Procedure 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b).

Plaintiff's complaint does not comply with the dictates of Rule 8. Instead, the fourth amended complaint provides generalized, conclusory statements regarding the alleged violations of his rights by defendants. Plaintiff will be provided with a final opportunity to comply with Rule 8. As the Court has directed Plaintiff to comply with the joinder requirements, any amended complaint may not exceed twenty-five (25) pages.

**IV.   Conclusion and Order**

Plaintiff's fourth amended complaint is dismissed for failure to comply with the Federal Rules of Civil Procedure. Plaintiff is granted leave to file a fifth amended complaint within thirty days curing the deficiencies identified by the Court in this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at

555 (citations omitted).  Plaintiff also may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's fourth amended complaint is DISMISSED with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a fifth amended complaint setting forth his claims in compliance with this order;
4. Plaintiff's fifth amended complaint may not exceed twenty five pages; and
5. **If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey court orders.**

IT IS SO ORDERED.

Dated: **May 21, 2013**           /s/ Barbara A. McAuliffe
                          UNITED STATES MAGISTRATE JUDGE