# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RAY THOMPSON, | 1:07-cv-00572-AWI-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| v. | (ECF No. 139) |
| SCOTT KERNAN, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Travis Ray Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 6, 2009, the Court screened Plaintiff's amended complaint and found that it stated a cognizable claim for violation of the Eighth Amendment against Defendants Alvarez and Redenius. The Court dismissed all other claims without leave to amend. (ECF Nos. 33, 34.) On December 17, 2010, Defendants Alvarez and Redenius filed a motion to dismiss based on Plaintiff's failure to exhaust administrative remedies. (ECF No. 63.) The Court granted the motion to dismiss on June 8, 2011, and subsequently denied Plaintiff's motion for reconsideration. (ECF Nos. 85, 94.) Plaintiff appealed the dismissal to the Ninth Circuit Court of Appeals. (ECF No. 89.)

On July 12, 2012, the Ninth Circuit found that the district court properly dismissed Plaintiff's excessive force claims against Defendants Alvarez and Redenius because Plaintiff failed to exhaust his administrative remedies with respect to these claims. The Ninth Circuit also affirmed the dismissal of the remaining claims alleged in Plaintiff's third amended complaint

1

except for the claims arising <u>after</u> Plaintiff filed his initial complaint on April 13, 2007.  The Ninth Circuit remanded the action to this Court.  (ECF No. 101.)

Following remand, on July 16, 2012, the Court screened Plaintiff's third amended complaint pursuant to 28 U.S.C. § 1915A.  The Court found that Plaintiff's amended complaint did not comply with Federal Rules of Civil Procedure 8, 18 and 20, as it was composed of thirty-seven pages of dense, handwritten text and attempted to bring suit against approximately seventy-three defendants for unrelated incidents.  Despite the deficiencies, Plaintiff was granted leave to file a fourth amended complaint.  Plaintiff was expressly instructed that he was to choose which claims he wished to pursue in this action and, if he failed to do so, the Court would dismiss the improperly joined claims.  (ECF No. 104.)

On March 29, 2013, Plaintiff filed his fourth amended complaint.  On May 21, 2013, the Court screened Plaintiff's fourth amended complaint pursuant to 28 U.S.C. § 1915A.  The Court again found that Plaintiff's complaint failed to comply with Federal Rules of Civil Procedure 8, 18, and 20, as it named more than 110 individual defendants working at three separate institutions within the California Department of Corrections and Rehabilitation.  The Court found that Plaintiff failed to sufficiently allege any plausible factual support to link the more than 100 defendants through a conspiracy to violate his civil rights.  Despite the deficiencies of his complaint, the Court granted Plaintiff leave to file a fifth amended complaint.  The Court instructed Plaintiff that this would be his final opportunity to set forth discrete claims that met the standards for joinder and that Plaintiff could not join all defendants simply by claiming that they were part of an overriding conspiracy.  The Court also informed Plaintiff that if he failed to comply with the order, the action would be dismissed for failure to obey court orders.  (ECF No. 139.)

On June 24, 2013, Plaintiff filed his fifth amended complaint.  (ECF No. 140.)  The fifth amended complaint is now before the Court for screening.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §

1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Fifth Amended Complaint**

Despite the Court's previous instructions, Plaintiff's fifth amended complaint, filed on June 24, 2013, names more than 100 individual defendants working at three separate correctional institutions within the California Department of Corrections and Rehabilitation system, along with a California Superior Court judge. Again, Plaintiff attempts to link the actions of the correctional employees, which occurred between 2005 and 2012 at different prisons, by claiming

a conspiracy between members of the California Correctional Peace Officers Association to retaliate against Plaintiff for pursuing a claim against the association.  Plaintiff also attempts to bring a claim against the California Superior Court Judge for placing him back in custody and attempts to link the judicial officer to the alleged conspiracy.

### III.  Discussion

As before, Plaintiff's complaint contains conclusory allegations that more than 100 persons were engaged in a conspiracy against him.  This is not sufficient.  See Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff's complaint also contains multiple unrelated claims and does not set forth sufficient allegations to meet the joinder test as to the 100-plus defendants.  Fed. R. Civ. P. 18(a); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Further, Plaintiff's complaint does not set forth a short and plain statement of his discrete claims showing that he entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Indeed, Plaintiff lumps numerous defendants together with conclusory statements regarding their alleged wrongdoing.  This also is not sufficient.  Iqbal, 556 U.S. at 677-78, 129 S.Ct. at 1949.

The Court previously instructed Plaintiff that he must choose which claims he wishes to pursue and warned Plaintiff that if he sets forth unrelated claims that violate joinder rules, then the Court will dismiss the claims that it finds to be improperly joined.  The Court also previously declined to expend its already taxed resources in attempting to sort out Plaintiff's discrete claims that he wished to pursue in this action.  Plaintiff has been given multiple opportunities to set forth discrete claims, but he has failed to comply with the Court's directives.  The Court warned Plaintiff that if he failed to comply, this action would be dismissed for failure to obey court orders.

Local Rule 110 provides that a "failure . . . of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

    In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

    The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  Following remand from the Ninth Circuit, this action has been pending for more than a year without an operative complaint.  Despite numerous opportunities, Plaintiff has been unable to comply with the Court's directive to file a complaint setting forth discrete claims that comply with the Federal Rules of Civil Procedure.  The Court cannot continue this case indefinitely while Plaintiff repeatedly attempts to amend his claims without success.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9 t h Cir. 1976).  The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's May 21, 2013 order expressly stated, "If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey court orders." (ECF No. 139, p. 6.)

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED without prejudice based on Plaintiff's failure to comply with the Court's orders.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 12, 2013**             /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE